IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| O.C., | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-675** |
| | : | |
| v. | : | **Judge Algenon L. Marbley** |
| | : | |
| Town & Country Motel, | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendant.** | : | |

## OPINION AND ORDER

This matter comes before this Court on Plaintiff O.C.'s First Motion for Default Judgment against Defendant Town & Country Motel. (ECF No. 8). For the following reasons, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

The case *sub judice* arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and the Child Abuse Victim's Rights Act ("CAVRA"), 18 U.S.C. § 2255. Plaintiff is an Iowa resident proceeding anonymously who alleges that she was the victim of sex trafficking as a minor at the privately-owned Town & Country Motel in 2013. (Compl., ECF No. 1 ¶¶ 7–8, 16, 51–52, 55, 84).

Plaintiff's allegations are as follows. While she was a teenager but still a minor,[1] she was drugged at a party and captured by her trafficker. Her trafficker rented a room at the Town &

---

[1] Plaintiff's Complaint is not the model of pleading. Its allegations are jumbled and, at times, confusing—for instance, although Plaintiff alleges that she met her trafficker when she was 14 years old, and was trafficked at the Town & Country Motel in 2013, (Compl. ¶¶ 7, 55), she fails to specify whether she was still 14 years old when she was trafficked, or if this occurred years later. Plaintiff's piecemeal narrative is emblematic from the following paragraph: "O.C. met her trafficker after her father kicked her out at the age of 14 years old. She ended up at an event with friends and was drugged. When O.C. woke up, she was naked in a hotel room with an IV in her arm. Ultimately her trafficker came to control every aspect of her life." (*Id.* ¶ 7). Plaintiff's narrative here is untethered from time or space. Did she attend the event immediately following her father kicking her out (presumably of her house)? Was she drugged by her trafficker (does she know)? When she woke up, had she been captured by the person who trafficked her at the

1

Country Motel in Sioux City, Iowa for approximately one year, where she was "forced to engage in sex with many men every day . . . against her will." (*Id.* ¶¶ 9, 52; *see id.* ¶¶ 8, 56). According to O.C., there were many reasons why Town & Country Motel should have known about her trafficking during that time. For instance, O.C.'s trafficker advertised "O.C.'s availability for commercial sex" online, oftentimes "while connected to [motel] Wi-Fi." (*Id.* ¶ 54). He would routinely "violently attack[] and beat her" and physically and verbally abused her in public, leading to O.C. being visibly deteriorated in her health and appearance. (*Id.* ¶¶ 57–59).

According to O.C., Town & Country Motel's staff knew or should have known that she was being abused, controlled, and trafficked for commercial sex due to "consistent red flags," which included: "constant foot traffic" to her trafficker's rooms; requests for excessive amounts of towels and linens; cash payments and odd payment patterns coupled with extended stays; "unusually large numbers of used condoms in the trash"; and "unusually large numbers of male visitors going in and out of [her] room at all hours of the day and night"; as well as visible and audible signs of her physical abuse. (*Id.* ¶¶ 60, 63–68, 70–73). Thus, says O.C., Town & Country Motel knew or should have known that she was being trafficked, but elected to maintain its business relationship with her trafficker, and accordingly contributed to and benefitted from her trafficking. (*Id.* ¶¶ 76–77, 79). O.C. sues to hold Town & Country Motel accountable, seeking money damages, including compensatory and punitive damages. (*Id.* at 20).

Plaintiff filed her Complaint on June 18, 2025, (ECF No. 1), after having sent demand letters to Town & Country Motel in September 2023 and April 2025 and receiving no response.

---

motel, or by someone else? Was the hotel room she woke up in at the Town & Country Motel? Was she still 14 years old when all of this happened, or was she 15 years old by the time she was trafficked at the motel? The Court is left with the task of sifting through disjointed allegations to confirm whether personal jurisdiction under CAVRA could even exist, because the timeline is so difficult to follow. Nevertheless, read as a whole, Plaintiff alleges that she was trafficked as a minor, although her allegations are anything but clear. (*Id.* ¶ 7, 51, 55, 84); *cf. Ricchio v. McLean*, 853 F.3d 553, 557 (1st Cir. 2017) (Souter, J., by designation) (crediting "the whole body of allegations").

(ECF Nos. 8-1 at 3; 8-2; 8-4).  The summons and the Complaint were personally served on a manager at the motel on June 29, 2025.  (ECF No. 5 at 1).  Defendant never answered or otherwise appeared in this action, and Plaintiff obtained an entry of default.  (ECF No. 7).  Plaintiff then filed her instant motion for default judgment and requested a hearing to determine damages.  (ECF No. 8).  Defendant still has not appeared in this case, and the matter is ripe for review.

## II.    LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The now defaulting party is considered to have admitted all the well-pleaded allegations relating to liability, but not to damages.  *Austin v. Mayflower Moving Grp., LLC*, 2021 WL 2808703, at *2 (S.D. Ohio July 6, 2021) (Marbley, J.) (citing *Arthur v. Robert James & Assocs. Asset Mgmt, Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012)).

The next step is to determine whether the entry of a default judgment is proper.  The party must show that "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted."  *Id.* (quoting *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019)).  The Sixth Circuit instructs courts to weigh:  (1) "possible prejudice to the plaintiff"; (2) "the merits of the claims"; (3) "the sufficiency of the complaint"; (4) "the amount of money at stake"; (5) "possible disputed material facts"; (6) "whether the default was due to excusable neglect"; and (7) "the preference for decisions on the merits."  *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).  If the court determines that a default judgment is proper, it may conduct a hearing to determine the amount of damages that are appropriate.  Fed. R. Civ. P. 55(b)(2)(B).

3

Here, Plaintiff O.C. argues that this Court should enter default judgment against Defendant Town & Country Motel because Defendant has not disputed the facts, defended, or appeared in this action, and because Plaintiff asserts her allegations suffice to establish liability.  (ECF No. 8-1 at 4–8).  This Court accepts all of Plaintiff's well-pleaded allegations as true.  As a threshold matter, this Court will consider whether it possesses both subject matter and personal jurisdiction.  Then, if jurisdiction is satisfied, it will consider whether Plaintiff has adequately pleaded claims against Defendant under TVPRA and CAVRA.  It will also weigh the seven *Russell* factors to the extent each factor applies.  Finally, it will consider the award of damages and Plaintiff's request for a damages hearing.

### A.  Jurisdiction

First, before a default judgment may be entered, a court must ensure that it possesses both subject matter jurisdiction over the case and personal jurisdiction over the nonresponsive party. *AmaTech Grp. Ltd. v. Fed. Card Servs., LLC*, 2024 WL 4866420, at *3 (S.D. Ohio Nov. 22, 2024); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *accord Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

There is no question that subject-matter jurisdiction exists, as federal district courts "have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  This includes both the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595, and the Child Abuse Victims Rights Act, 18 U.S.C. § 2255.  *E.g.*, *Doe v. G6*

*Hospitality Property LLC*, __ F. Supp. 3d __, 2025 WL 3537626, at *2 (W.D. Wash. Dec. 10, 2025) (discussing TVPRA); *Cara v. Salley*, 2024 WL 1859854, at *2 (W.D. Wash. Apr. 29, 2024) (discussing CAVRA). Plaintiff alleges violations of both laws. (Compl. ¶¶ 20–21, 75, 85–86). And though her Complaint is not the model of clarity, she has sufficiently pleaded that she was trafficked as a minor. (*Id.* ¶¶ 7–9, 51–52, 55; *see id.* ¶¶ 84, 87). Thus, personal jurisdiction over Town & Country Motel exists because this court has personal jurisdiction over defendants named in minor victim sex trafficking cases under 18 U.S.C. § 2255. *See In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *10 (S.D. Ohio Apr. 25, 2023) (Marbley, J.). There are no jurisdictional issues precluding entry of a default judgment.

### B. Claims for Relief

Having determined that jurisdiction exists, this Court now considers whether O.C. has adequately pleaded claims under TVPRA and CAVRA against Town & Country Motel such that entry of a default judgment could be appropriate—bearing in mind that all factual allegations in the Complaint regarding liability are accepted as true. For ease of analysis, the TVPRA and CAVRA claims are considered together. Plaintiff has adequately pleaded a claim for relief under both TVPRA and CAVRA.

First, consider TVPRA. The Trafficking Victims Protection Reauthorization Act sets forth criminal penalties for any person who knowingly:

> (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means

5

> will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).  The statute also provides for private civil actions—the basis for O.C.'s claims here.  It grants a cause of action against *both* the perpetrator and anyone who knowingly benefitted, or attempted to benefit, from certain ventures:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a).   The requirements for liability under this beneficiary theory are:  (1) the person or entity knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value; (2) from participating in a venture; (3) that the person or entity knew or should have known engaged in an act that violated 18 U.S.C. §§ 1581–97.  18 U.S.C. § 1595(a); *see, e.g.*, *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 964 (S.D. Ohio Oct. 7, 2019) (Marbley, J.); *J.C. v. Choice Hotels Int'l, Inc.*, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020); *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 553 (7th Cir. 2023).

Second, consider CAVRA.  The Child Abuse Victims Rights Act provides additional contours as to how individuals trafficked as minors may seek relief:

> Any person who, while a minor, was a victim of a violation of section . . . 1591 [among others] . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.  The court may also award punitive damages. . . .

18. U.S.C. § 2255(a).  CAVRA thus provides a mechanism to compensate minor victims of sex trafficking.  It is enough to plead that the defendant violated the enumerated statute—in this case,

6

the TVPRA, 18 U.S.C. § 1595—while plaintiff was a minor. *T.D.P. v. Choice Hotels Int'l, Inc.*, 725 F. Supp. 3d 784, 790–92 (S.D. Ohio 2024) (Marbley, J.); *see Prewett v. Weems*, 749 F.3d 454, 457 (6th Cir. 2014) ("Under the statute, the victim must establish a liability predicate for the award. . . .").

Here, O.C. has sufficiently pleaded that she was trafficked as a minor at Town & Country Motel, and that Town & Country Motel knew or should have known that it was profiting financially from renting rooms to her sex trafficker. *See In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *9.

### C. *Russell* Factors

Given that Plaintiff has sufficiently pleaded claims under TVPRA and CAVRA, the Court takes into account seven factors as directed by the Sixth Circuit: (1) the possible prejudice to O.C.; (2) the merits of O.C.'s claims; (3) the sufficiency of her Complaint; (4) the money at stake; (5) possible disputed material facts; (6) whether default was due to excusable neglect; and (7) the preference for decisions on the merits. *Russell*, 34 F. App'x at 198 (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Each factor is considered in turn, and all factors but the fourth presently favor entry of a default judgment.

First, O.C. will likely be significantly prejudiced if judgment is not granted. She initiated this action in June 2025, and to date, Defendant has failed to engage in litigation. O.C. faces possible prejudice because she would be "left without a legal remedy absent entry of default judgment." *Cara*, 2024 WL 1859854, at *2; *see AmaTech Grp.*, 2024 WL 4866420, at *10 (observing denial of default judgment could postpone the matter "indefinitely," while rewarding a defendant's "apparent efforts to avoid finality and evade liability"). This factor squarely favors entry of a default judgment.

7

Second and third, (the second and third factors are often analyzed together, *Cara*, 2024 WL 1859854, at *2), the merits of O.C.'s claims and the sufficiency of her Complaint have been established from a technical pleading standpoint, *see* Section II(B), *supra*, "and a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *AmaTech Grp.*, 2024 WL 4866420, at *10.  Thus, both of these factors also favor entry of a default judgment.

Fourth, the amount of money requested by O.C. is likely to be substantial.  Because O.C. has not provided the Court with a specific motion or evidence to support damages claims, the Court will assume that O.C.'s requested damages and fees will be significant—in excess of CAVRA's liquidated damages amount, and at least several hundred thousand dollars at a minimum.  *See* 18 U.S.C. § 2255(a) (providing for *either* actual damages *or* a liquidated damages amount of $150,000 for CAVRA violations, alongside certain litigation costs).  Given that Plaintiff will likely seek significant damages, and particularly given that Plaintiff has not provided any quantification of that amount at this juncture, this Court will consider this as  "militat[ing] against granting a default judgment." *AmaTech Grp.*, 2024 WL 4866420, at *11; *cf. Doe v. Diaz*, 2024 WL 946676, at *4 (C.D. Cal. Feb. 22, 2024) (when a plaintiff seeks only the statutorily-prescribed damages under section 2255, concern about excessive or unreasonable damages is mitigated); *accord Cara*, 2024 WL 1859854, at *3 (suggesting recovery of $450,000 in damages under section 2255 for three plaintiffs would weigh in favor of default judgment).  This factor weighs against entry of a default judgment.

Fifth, Defendant Town & Country Motel has not appeared in this case or placed any facts before the Court.  Thus, it necessarily has not attempted to dispute anything.  "Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages." *Cara*, 2024 WL 1859854, at *4 (citing *TeleVideo Sys., Inc. v.*

8

*Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)); *accord Austin*, 2021 WL 2808703, at *2. Given that Defendant has not engaged in this case despite having ample time and opportunity to do so, and instead has chosen to "sit this one out," this factor strongly supports entry of a default judgment. *AmaTech Grp.*, 2024 WL 4866420, at *11.

Sixth, there is no indication that Defendant's default was due to excusable neglect. Indeed, Defendant "was given sufficient notice of this action through service of the summons and complaint." *Cara*, 2024 WL 1859854, at *4. After Plaintiff sent multiple demand letters and received no response, Plaintiff's process server served a manager at the Town & Country Motel. (ECF Nos. 8-1 at 3; 5 at 1). He attested that after he completed service, a family member of the manager "became irate and ejected [him] from the business by threats." (ECF No. 5 at 1). The record establishes that Defendant was personally served with a copy of the summons and the Complaint, and therefore Defendant would not be able to claim excusable neglect. *PNC Equip. Fin., LLC, v. Keller*, 2014 WL 11515877, at *4 (S.D. Ohio May 29, 2014); *see also Tri-Corner Invs. LLC v. First Defense Int'l Grp., Inc.*, 361 F. App'x 629, 632 (6th Cir. 2010) (affirming district court determination that defendant had not shown excusable neglect due to a failure of internal mail procedures). This factor also supports the entry of a default judgment.

Finally, although decisions on the merits are preferable, such a decision does not appear possible here where Defendant has failed to appear and defend itself. "The preferred outcome of a decision on the merits is not possible when a party refuses to participate." *Marelli Auto. Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, 2021 WL 5121273, at *2 (E.D. Mich. Nov. 4, 2021); *accord AmaTech Grp.*, 2024 WL 4866420, at *11. This final factor weighs in favor of entry of a default judgment.

In sum, six factors favor entering a default judgment, and the sole one weighing against is due to the uncertainty about the damages amount. This uncertainty can be addressed by Plaintiff's requested damages hearing.

### D. Damages

Plaintiff O.C. applies to the Court for a damages hearing because she does not seek a certain amount of damages.[2] (ECF No. 8-1 at 8–9). In awarding damages in cases of default judgment, the clerk may enter default if the claim is for a sum certain "or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the movant must apply to the court for a default judgment. *Id.* (b)(2). Courts may hold evidentiary hearings to determine the appropriate amount of damages, or they may rely on affidavits, declarations, or other documentary evidence submitted in support of the motion. *Austin*, 2021 WL 2808703, at *4; *AmaTech Grp.*, 2024 WL 4866420, at *11–12.

As discussed above, TVPRA provides a general civil remedy for victims of statutory violations, who "may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). And CAVRA provides that *minor* victims "shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably occurred. The court may also award punitive damages." 18 U.S.C. § 2255(a).

Plaintiff does not proffer documentary evidence or affidavits in support of her claimed damages, but requests a hearing to determine appropriate relief. (ECF No. 8-1 at 1, 8–9). Thus,

---

[2] Although CAVRA provides for $150,000 in statutory damages, that amount is not a sum certain, because the Court may grant the actual damages that the Plaintiff sustained. *Cf. Rasmussen v. Hickey*, 2021 WL 5827108, at *4 (S.D. Cal. July 12, 2021) (citing *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012)). *Rasmussen* and *Boland* dealt with a prior version of section 2255(a) that set a floor of $150,000 in statutory damages, the new statutory text permits either actual damages or $150,000 in statutory damages.

this Court must conduct an inquiry to determine the amount of damages with reasonable certainty. *Austin*, 2021 WL 2808703, at *4 ("If the damages are unliquidated, . . . the default judgment establishes only that the defendant is liable, and the plaintiff must prove damages."); *see Diaz*, 2024 WL 946676, at *5 (providing for post-default judgment briefing to address fees and costs). This Court agrees with Plaintiff that a damages hearing would be appropriate, and in the interests of ensuring that such a hearing would be efficient, determines that Plaintiff should identify all her requested relief, submit a motion that details the legal basis for such relief and identifies all her evidence that she will seek to introduce at the hearing, and submit all documentary evidence alongside her motion for the Court's review in advance of such a hearing.

### III. CONCLUSION

For the foregoing reasons, Plaintiff O.C.'s First Motion for Default Judgment (ECF No. 8) is **GRANTED**. Additionally, the Court **GRANTS** O.C.'s request for a damages hearing. This case is set for a damages hearing on **Wednesday, June 24, 2026 at 9:30 a.m.,** before the United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Room 331, Columbus, Ohio 43215.

Within thirty days of this Opinion, Plaintiff is **ORDERED** to brief the amount of all relief sought. The briefing **SHALL** address the amounts for each type of claimed relief and succinctly establish a legal basis for each request. The briefing **SHALL** include all proposed documentary evidence—including attorney rates and hours billed—as well as a proposed final judgment.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 24, 2026**

11